IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE MANUEL GONZALEZ MIYAR, Plaintiff, | § | |
| v. | § | No. 3:26-CV-1501-G-BW |
| SFR OWNER ML BORROWER LLC, Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant SFR Owner ML Borrower LLC's ("SFR") Motion for Leave to Designate Responsible Criminal Third Party or Parties. (Dkt. No. 11 ("Mot.").) Plaintiff Jose Manuel Gonzalez Miyar ("Gonzalez") filed a response to the motion (Dkt. No. 14 ("Resp.")), and SFR filed a reply (Dkt. No. 15 ("Reply").)

For the reasons that follow, the undersigned magistrate judge recommends that the motion be granted in part and denied in part.

## I. BACKGROUND

This lawsuit arises out of a shooting at a rented residential property. (*See* Dkt. No. 1-5 at ECF pp. 2-12 ("Pet.").) Working a second job as a delivery driver, Gonzalez arrived around midnight at a residential address in Mesquite to complete a

[1] Senior United States District Judge A. Joe Fish referred this case to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). (*See* Dkt. No. 17.)

food delivery. (*Id.* ¶¶ 3, 14.) According to Gonzalez's allegations in the state court petition, his interaction with the person who came to the door was contentious. Shortly after he completed the delivery, "two individuals emerged from inside the property," and someone shot Gonzalez 11 times. (*Id.* ¶¶ 6, 17-18.) Gonzalez survived but suffered very serious injuries. (*Id.* ¶¶ 6, 21-22.) Ledavion Sockwell has been indicted for aggravated assault in connection with Gonzalez's shooting and is awaiting trial. (*Id.* ¶ 20.) Gonzalez sues SFR—owner and landlord of the residential property—for claims relating to premises liability and negligence. (*See id.* ¶¶ 29-39.)

SFR removed this action from state court on May 11, 2026. (*See* Dkt. No. 1.) Before filing its notice of removal, SFR incorporated in its answer a motion for leave to designate a responsible third party pursuant to Tex. Civ. Prac. & Rem. Code § 33.004(a). (Dkt. No. 1-5 at ECF pp. 26, 29.) It has renewed the motion before this Court. (Mot.) SFR seeks to designate Sockwell and other unknown individuals ("John Does 1-10") as responsible third parties. (Mot. at 1.)

## II. LEGAL STANDARDS

"Under Chapter 33 of the Texas Civil Practice and Remedies Code, a defendant who is sued in tort . . . may reduce his liability by a percentage of responsibility attributed to a responsible third party." *Fraire v. Wal-Mart Stores Texas, LLC*, No. 3:22-CV-2815-D, 2023 WL 4708002, at *1 (N.D. Tex. July 24, 2023) (quoting *Mavuninu-Jean v. Reyes*, No. 3:19-CV-1571-B, 2019 WL 5963886, at *1 (N.D. Tex. Nov. 13, 2019)). Federal courts have applied § 33.004(a) in diversity

cases. *See, e.g.*, *Oliva v. USA Truck, Inc.*, No. 3:18-CV-2814-E, 2019 WL 7756355, at *7 (N.D. Tex. Nov. 15, 2019), *accepted*, 2020 WL 418890 (N.D. Tex. Jan. 27, 2020); *Alvarez v. Toyota Motor Corp.*, No. 3:06-CV-340-D, 2006 WL 1522999, at *2 (N.D. Tex. May 8, 2006). A defendant must request leave to designate a responsible third party, "and the court must grant such leave unless [the opposing party] timely objects and establishes that [the designating defendant] did not plead sufficient facts showing" that the proposed designated persons are responsible third parties. *Fraire*, 2023 WL 4708002, at *1. "The 'sufficient facts' that [the defendant] pleads must establish that a responsible third party 'caused or contributed to causing in any way the harm for which recovery of damages is sought' by breaching an 'applicable legal standard.'" *Id.* (quoting *Sustainable Modular Mgmt., Inc. v. Travelers Lloyds Ins. Co.*, No. 3:20-CV-1883-D, 2021 WL 4943692, at *3 (N.D. Tex. Oct. 22, 2021)). If the Court grants a motion for leave to designate a responsible third party, "the person named in the motion is designated as a responsible third party for purposes of [Chapter 33, Tex. Civ. Prac. & Rem. Code] without further action by the Court or any party." *Oliva*, 2019 WL 7756355, at *7 (quoting Tex. Civ. Prac. & Rem. Code § 33.004(h)).

## III. ANALYSIS

By its motion for leave, SFR asks to designate Sockwell and unknown others (John Does 1-10) as responsible third parties. (Mot. at 1.) It asserts that it is "unaware of all individuals involved in the criminal acts" leading to Gonzalez's

injuries. (*Id.*) It asks to identify any unknown others or accomplices by John Doe # until their identity becomes known, if ever. (*Id.*) Although Sockwell has been arrested and indicted for shooting Gonzalez, SFR notes that two individuals came out of the residence, that Sockwell has not been convicted, and that there were others at the residence that might have been involved.

**A. SFR has properly designated Sockwell as a responsible third party.**

Gonzalez objects to the designation of Sockwell or others on several grounds. (*See generally* Resp.) His primary arguments are unmeritorious. Gonzalez argues that a responsible-third-party designation should be disallowed as to Sockwell because it would undermine his prerogative as "master of the complaint" to plead his case how he chooses and practically nullify his deliberate decision not to name Sockwell as a defendant. (Resp. at 2-3.) But his decision not to sue Sockwell does not prevent SFR from designating him as a responsible third party. The ability to designate someone whom the plaintiff elected not to sue is a noted feature of the Texas procedure. *See Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 865 (Tex. 2009) ("Chapter 33 provides, among other things, that a defendant in such an action may seek to designate a person, *who has not been sued by a claimant*, as a responsible third party." (emphasis added)).

Gonzalez also argues that the designation should not be allowed because it would be inconsistent with his choice to plead a premises liability theory for his case. (*See* Resp. at 4-5.) He points to statutory language requiring a trier of fact to

proportionally assess responsibility for "the harm for which recovery of damages is sought," *see* Tex. Civ. Prac. & Rem. Code § 33.003(a), and argues that it limits any third-party designation to those who might be responsible under the theories alleged by the plaintiff. But the statute is clear that the designation applies, in relevant part, to "any cause of action based on tort[,]" Tex. Civ. Prac. & Rem. Code § 33.002(a)(1), and Gonzalez has chosen to assert tort claims against SFR. Gonzalez is correct that the statute is plainly focused on responsibility for the harm alleged, but he is incorrect to the extent he recasts the term to mean the particular breach alleged by the plaintiff. Here, the particular harm Gonzalez alleges includes bodily injuries, mental anguish, medical expenses, and loss of earning capacity. (*See* Pet. ¶ 40.) Insisting that the third-party designation is limited by the theories he has pleaded, suggests that the harm is instead the failure to properly screen or monitor residents. (*See* Resp. at 4 ("The harm for which Plaintiff seeks recovery is not the shooting itself. The harm is Defendant's creation of a dangerous condition through its leasing and screening decisions[.]").) But that concerns his alleged breach of a duty that led to the harm, not the harm itself.

Gonzalez next contends that SFR should not be permitted to designate Sockwell because there is no evidence to support the designation. (*See* Resp. at 6 (citing Tex. Civ. Prac. & Rem. Code § 33.003(b)).) But the state law scheme does not require SFR to adduce evidence supporting the designation now. At this early stage of the proceedings, SFR must only plead sufficient facts showing that Sockwell

"caused or contributed to causing in any way the harm for which recovery of damages is sought by breaching an applicable legal standard." *See Fraire*, 2023 WL 4708002, at *1 (internal quotation marks omitted). A party may move to strike the third-party designation if, after adequate time for discovery, there is no evidence that the designated person is responsible for any part of the claimed injury or damage. *See* Tex. Civ. Prac. & Rem. Code § 33.004(*l*). And, as the provision cited by Gonzalez states, any designation that is not supported by evidence cannot be submitted to the trier of fact. *See id.* § 33.003(b). For now, though, all SFR must do is allege facts showing Sockwell is responsible for causing or contributing to the harm for which Gonzalez seeks damages. *See K&K Inez Props., LLC v. Kolle*, ___ S.W.3d ___, 2026 WL 1445582, at *4 (Tex. May 22, 2026) ("A designated person is not 'responsible' for the injury—i.e., is not a 'responsible third party'—unless he has also violated some applicable legal standard[.]"). By averring that a grand jury has found probable cause to believe Sockwell was the person who criminally shot Gonzalez, it has met that burden. And as SFR points out, Gonzalez has satisfied that burden for it by alleging that Sockwell is the person who has been identified as the person who shot him. (*See* Reply at 1; Pet. ¶ 20.)

**B. The Court should deny SFR's motion for leave to designate John Does.**

SFR has not alleged facts from which the Court can infer that any of the John Does have caused or contributed to the harm for which Gonzalez seeks damages. SFR relies on the fact that two individuals came out of the house and an unknown

number of others were or might have been inside. (*See* Reply at 1-2.) It speculates that those additional people might also have contributed to Gonzalez's injuries.

If a defendant alleges that "an unknown person committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit," a court must allow the defendant's designation of the unknown person as a responsible third party if "(1) the court determines that the defendant has pleaded facts sufficient for the court to determine that there is a reasonable probability that the act of the unknown person was criminal; (2) the defendant has stated in the answer all identifying characteristics of the unknown person, known at the time of the answer; and (3) the allegation satisfies the pleading requirements of the Texas Rules of Civil Procedure." Tex. Civ. Prac. & Rem. Code § 33.004(j). SFR satisfies none of these requirements. All SFR has shown is that others were present—it has not alleged facts from which the Court can find a reasonable probability that any other person committed a criminal act. SFR does not describe any of these additional people, and it has not alleged sufficient facts from which the Court could infer that any other person caused or contributed to Gonzalez's injuries. The Court therefore should deny SFR's motion for leave to designate John Does as responsible third parties.

## IV. RECOMMENDATION

The undersigned **RECOMMENDS** that the Court **GRANT** SFR's Motion for Leave to Designate Responsible Criminal Third Party or Parties in part to allow

designation of Ledavion Sockwell as a responsible third party and **DENY** the motion to designate proposed the John Does.

**SO RECOMMENDED** on August 3, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).